**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**KENNETH RAY PITTS**                                                            **PLAINTIFF**
**ADC #085938**

**v.**                                      **No: 5:19-cv-00193 BRW-PSH**

**R. HERRINGTON JR,** *et al.*                                        **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Kenneth Ray Pitts filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on June 6, 2019. Pitts is an inmate at the Cummins Unit in the Arkansas Department of Correction. He is a three-striker under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The three-strikes provision requires the court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Pitts has more than three strikes. Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Pitts has strikes in the following cases: *Pitts v. Moore, et al.,* No. 4:06-cv-1305-JLH (E.D. Ark. Sept. 22, 2016) (order dismissing action for failure to state a claim); *Pitts v. Johnson*, No. 5:99-cv-71-JMM (E.D. Ark. May 11, 1999) (order dismissing action for failure to state a claim); *Pitts v. Brownlee, et al.,* No. 5:99-cv-178-HW (E.D. Ark. Sept. 7, 1999) (order dismissing action for failure to state a claim).

As a three-striker, Pitts must show that he was in imminent danger of serious physical injury at the time he filed the complaint in order to proceed *in forma pauperis*. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). Pitts makes no allegation that he is in any danger of physical injury. Rather, his claims primarily concern the availability of copies and legal supplies he needs to prosecute a pending habeas corpus action. Pitts also generally alleges that defendants threaten him with physical violence, but he states no facts to support that conclusory allegation. Because Pitts does not describe any specific threat of imminent serious physical injury, he may not proceed in this case *in forma pauperis.*

IT IS THEREFORE RECOMMENDED THAT:

1.     Pitts' motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE;

2.    Pitts' motion for elements (Doc. No. 3) be DENIED; and

3.    Pitts be given thirty days to reopen the case by paying the $400 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 13th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE